UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODOLFO PEREZ CALUNGA, )
                              Petitioner, )
                                          )         No. 1:26-cv-953
-v-                                       )
                                          )         Honorable Paul L. Maloney
KEVIN RAYCRAFT, *et al.*,                 )
                              Respondents. )
                                          )

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Rodolfo Perez Calunga, through counsel, filed a § 2241 habeas petition.  The next day, he filed a motion for a temporary restraining order (ECF No. 3).  The court finds Petitioner has not established an imminent threat of irreparable harm that will occur before the government can be heard in opposition and will deny the motion.

According to the petition and the allegations in the motion for a temporary restraining order, Petitioner feared persecution, fled Cuba, and presented himself at a port of entry in in the United States in February 2024.  He was released and paroled through February 23, 2026.  The government initiated removal proceedings and required Petitioner to appear on March 25, 2025.  Prior to that hearing, Petitioner filed an application for adjustment of status under the Cuban Adjustment Act.  In the removal proceeding, Petitioner moved to terminate the proceeding, which the Immigration Judge granted without prejudice on June 13, 2025.  Petitioner's application for adjustment of status remains pending.

Petitioner alleges he was arrested on March 4, 2026.  Petitioner admits that his parole had expired when he was arrested (ECF No. 3 PageID.61).  On March 16, the Immigration

Judge gave Petitioner fourteen days, a deadline of March 30, to file an application for asylum. Failure to meet the deadline would result in a final order of deportation to Cuba. Because he remains detained, Petitioner is prioritized for removal. He alleges he faces an imminent threat of deportation.

Rule 65 of the Federal Rules of Civil Procedure governs temporary restraining orders. The rule includes a procedural requirement. A court can issue a temporary restraining order *only if* "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Petitioner has not met the requirement in Rule 65(b)(1)(A). Counsel did not file a verified petition. Nor has counsel filed an affidavit with the petition or with the motion for a temporary restraining order.

When considering whether to grant a temporary restraining order, a court weighs four factors: (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party would suffer an irreparable injury without the stay; (3) whether the stay would cause substantial harm to others; and (4) whether the public interest would be served by a stay. *Northeast Ohio Coal. for Homeless and Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). While the factors must be balanced, the failure to show irreparable harm generally will result in the denial of the motion. *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, (6th Cir. 2002); *see Univ. of California Student Assoc. v. Carter*, 766 F. Supp. 3d 114, 120 (D.D.C. 2025) (noting that irreparable harm is likely the *sine qua non* for obtaining a TRO).

Petitioner has not established the likelihood of an irreparable injury occurring before the government can be heard in opposition.  Petitioner has not established an inability to meet the March 30 deadline to file his asylum papers.  And Petitioner has not established a likelihood that he would be deported before the deadline or before the government can be heard in opposition.  Today, the day after Petitioner initiated this case and the day Petitioner filed for the emergency injunction, the court ordered the government to respond to the petition within three business days.

Accordingly, the court **DENIES** Petitioner's motion for a temporary restraining order (ECF No. 3).  **IT IS SO ORDERED.**

Date:     March 25, 2026         /s/  Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge